DONOVAN, Raymond J., Secretary
of Labor, et al.

v.

LOCAL 126, INTERNATIONAL BROTH-
ERHOOD OF ELECTRICAL WORK-
ERS, AFL–CIO, CLC.

Civ. A. No. 82–0412.

United States District Court,
E.D. Pennsylvania.

Dec. 15, 1982.

Dale Belock, Asst. Sol. of Labor, Ira Katz, Philadelphia, Pa., for plaintiffs.

Stephen Springer, R. Michael Carr, Philadelphia, Pa., for defendant.

MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

The Secretary of Labor filed this action allegedly based upon the complaint of a member of defendant union Local 126 ("Union"). The Secretary seeks a new election of the executive committee members because of purported election irregularities. The Secretary complains that union members who were classified by their employers as foremen were permitted to be candidates for office and that two of the foremen were elected.[1]

Evidence was produced at a nonjury trial restricted to the issue of whether the Secretary acted pursuant to a timely complaint by a union member so as to vest the Secretary with authority to bring the action.[2] After careful consideration of the evidence presented, memoranda of law submitted and arguments of counsel, I conclude that this court must dismiss this suit because of the failure of the Secretary to comply with statutory requirements which are a condition precedent to the institution of suit by the Secretary.[3]

The following facts were established by the evidence produced at trial of the jurisdictional issue. During the summer of 1981, defendant elected its executive board by mail ballot. The results of this election were declared on June 25, 1981. On July 7, 1981, Mr. Gomez, a union member in good standing, filed a timely internal union charge alleging that the union had improperly allowed a foreman to be a candidate

---

1. Both foremen subsequently resigned. Their offices were filled by appointees of the executive committee.

2. Trial of the merits was deferred pending determination of the authority issue.

3. This memorandum contains the court's findings of fact and conclusions of law required by Fed.R.Civ.P. 52.

for the executive board.[4] On August 4, 1981, another union member in good standing, Vincent Cosenza, filed a similar timely charge concerning the same, and a second, foreman. Mr. Gomez and Mr. Cosenza agreed that Mr. Gomez should abandon his claim and aid Mr. Cosenza in the vindication of the broader charges filed by Mr. Cosenza. Mr. Cosenza died in an automobile accident on October 9, 1981 while his charges were still pending before the union. By letter dated October 23, 1981, Mr. Gomez notified the Union that he joined in the internal complaint of Mr. Cosenza. The Union did not respond to the letter of October 23. On November 12, 1981, by letter addressed to Mr. Cosenza, the Union declared its finding that Mr. Cosenza's protest was devoid of merit; pursuant to Mr. Gomez' request, the Union sent a carbon copy of this letter to Mr. Gomez. Mr. Gomez brought Mr. Cosenza's complaint to the attention of the Secretary of Labor on November 30, 1981. After investigating the complaint, the Secretary filed a civil action against the Union in this Court on January 29, 1982.

Section 402(a) of the LMRDA provides that a union member who has exhausted the remedies available within the union or has invoked those remedies without receiving a final decision within three months after application may file a complaint with the Secretary of Labor within one calendar month of the exhaustion or of the union's failure timely to respond. 29 U.S.C. § 482(a) (1980). Section 402(b) makes the timely complaint to the Secretary by a union member in good standing a prerequisite to the commencement of an action by the Secretary. *Id.* § 482(b).

The Secretary and Mr. Gomez concede that, as to the internal union charge made by Mr. Gomez, the latter has failed to comply with the requirements of § 402(a). The Secretary argues that the complaint received from Mr. Gomez, which informed the Secretary of Mr. Cosenza's objections to the contested election, constitutes sufficient compliance with § 402. Without citation of authority, the Secretary argues that Mr. Gomez, who failed timely to file a complaint based on his own internal union protest, succeeded to the right of Mr. Cosenza after Cosenza's death.

The union argues that dismissal of this suit is required by *Hodgson v. United Steel Workers of America, AFL–CIO, CLC*, 459 F.2d 348 (3d Cir.1972). I agree. In *Hodgson,* the court stated, "[i]f the individual complainant fails to file a protest with the Secretary within one month of the exhaustion of his union remedies, an action filed in the district court must be dismissed." Here, neither Mr. Gomez nor Mr. Cosenza filed a protest with the Secretary within the required time.

In the absence of dispositive case law, the effect to be given the attempted joinder of Mr. Gomez in Mr. Cosenza's internal charge must be determined. It is clear that more than forty-five days had passed since the election, and thus a new claim by Mr. Gomez was barred by the union constitution. When Mr. Gomez notified the union that he joined in the protest of Mr. Cosenza, he could have timely filed a complaint with the Secretary based on his protest of July 7, 1981, but did not. Instead, he elected to pursue Mr. Cosenza's claim. It is clear that the union never recognized the joinder of Mr. Gomez in Mr. Cosenza's internal charge; indeed, it continued to treat Mr. Cosenza as the sole protestant. Neither Mr. Gomez nor the Secretary claims that the union misled Mr. Gomez into believing that he was a party to Cosenza's complaint.

By asserting a joinder, Mr. Gomez attempted to obtain standing as a complainant, notwithstanding that his personal protest was time barred when he contacted the Secretary. *Hodgson* requires dismissal when the union member complainant has failed to comply with § 402. *Id.* at 350. Plaintiffs concede that Mr. Gomez could not rely upon his protest to the union as a basis for complaint to the Secretary because his complaint was not timely brought. There is

---

**4.** The union constitution bars the filing of internal protests more than forty-five days after the relevant election.

neither equitable nor legal precedent for permitting Mr. Gomez to succeed to the claim of the deceased union member so as to present a valid complaint to the Secretary sufficient to authorize the Secretary to bring this lawsuit.[5]

The Secretary asserts, and I am mindful, that in enacting the LMRDA, Congress was committed both to minimizing judicial intervention in intra-union affairs and to making warranted intervention effective in achieving the aims of the Act. *Wirtz v. Hotel, Motel and Club Employees Union, Local 6,* 391 U.S. 492, 496, 88 S.Ct. 1743, 1746, 20 L.Ed.2d 763 (1968). The Court has therefore "cautioned against a literal reading of congressional labor legislation." *Wirtz v. Local 153, Glass Bottle Blowers Assoc.,* 389 U.S. 463, 468, 88 S.Ct. 643, 646, 19 L.Ed.2d 705 (1968). However, the cases relied upon by plaintiffs do not suggest that the Secretary can proceed under § 402 to seek a new election without a valid complaint from a union member who has faithfully followed the procedures set forth in § 402(a) of the Act. In the instant matter, the Secretary lacked authority to bring this action because there was not a valid complainant. In accordance with *Hodgson,* I will enter judgment of dismissal in favor of defendant.

---

**5.** The court advances no opinion as to whether *Hodgson* would control either if Mr. Gomez had not filed an internal union charge or if Mr. Cosenza's complaint had been brought to the Secretary by another union member who had not filed an internal protest.